Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Joan H. Lefkow | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 03 C 1304 | **DATE** | 12/19/2003 |
| **CASE TITLE** | Jamison, et al. vs. Luster, et al. | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]
(2) ☐ Brief in support of motion due _____.
(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.
(4) ☐ Ruling/Hearing on _____ set for _____ at _____.
(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____.
(7) ☐ Trial[set for/re-set for] on _____ at _____.
(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____.
(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to] ☐ FRCP4(m) ☐ Local Rule 41.1 ☐ FRCP41(a)(1) ☐ FRCP41(a)(2).
(10) ■ [Other docket entry] Enter Memorandum Opinion and Order. Defendants' motion to dismiss Counts VII-XI [24-1] is denied. Defendants are directed to answer the remaining portions of the second amended complaint within 15 days of the entry of this order. Status hearing is set for 1/29/04 at 9:30 a.m.

(11) ■ [For further detail see order attached to the original minute order.]

| | No notices required, advised in open court. | | 3 | **Document Number** |
|---|---|---|---|---|
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | DEC 22 2003 | |
| | Notified counsel by telephone. | | date docketed | |
| | Docketing to mail notices. | U.S. DISTRICT COURT CLERK | | 2P |
| | Mail AO 450 form. | | docket deputy initials | |
| | Copy to judge/magistrate judge. | 03 DEC 19 AM 4:49 | 12/19/2003 | |
| | | | date mailed notice | |
| MD | courtroom deputy's initials | FILED-03-03714 Date/time received in central Clerk's Office | MD mailing deputy initials | |

UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

ROMEL JAMISON, ANTHONY BROWN, )
MICHAEL MCKINNIS, THOMAS GRIFFIN, )
and JOE WEISINGER )
)
Plaintiffs, )
)
vs. ) No. 03 C 1304
) Judge Joan H. Lefkow
DONALD LUSTER, Mayor of The Village of )
Dixmoor, and MITCHELL R. DAVIS III, )
Chief of Police of the Village of Dixmoor, and )
VILLAGE OF DIXMOOR, )
)
Defendants. )

DOCKETED DEC 2 2 2003

## MEMORANDUM OPINION AND ORDER

Plaintiffs, Romel Jamison, Anthony Brown, Michael McKinnis, Thomas Griffin and Joe Weisinger, have filed a 15-count Complaint against defendants, Donald Luster, Mayor of the Village of Dixmoor, Mitchell R. Davis III, Chief of Police of the Village of Dixmoor, and the Village of Dixmoor. In Count I, pursuant to 42 U.S.C. § 1983, Jamison alleges that his termination was in retaliation for the exercise of his First Amendment rights. In Counts II-VI, each plaintiff alleges a claim, pursuant to 42 U.S.C. § 1983, that they were deprived of a property interest without due process of law. Count VII is a state law claim against the Village of Dixmoor for indemnification under 745 ILCS 10/9-102. In Counts VIII-XI, Brown, McKinnis, Griffin and Weisinger each allege state law retaliatory discharge claims against the Village of Dixmoor. Finally, in Counts XII-XV, Brown, McKinnis, Griffin and Weisinger each allege

breach of contract. Before the court is defendants' motion to dismiss Counts VII-XI under Federal Rule of Civil Procedure 12(b)(6). For the reasons stated below, the motion is denied.

## MOTION TO DISMISS STANDARDS

A motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) challenges the sufficiency of the complaint for failure to state a claim upon which relief may be granted. *General Elec. Capital Corp.* v. *Lease Resolution Corp.*, 128 F.3d 1074, 1080 (7th Cir. 1997). Dismissal is appropriate only if it appears beyond a doubt that the plaintiff can prove no facts in support of its claim that would entitle it to relief. *Conley* v. *Gibson*, 355 U.S. 41, 45-46 (1957); *Kennedy* v. *Nat'l Juvenile Det. Assoc.*, 187 F.3d 690, 695 (7th Cir. 1999). In ruling on the motion, the court accepts as true all well pleaded facts alleged in the complaint, and it draws all reasonable inferences from those facts in the plaintiff's favor. *Dixon* v. *Page*, 291 F.3d 485, 486 (7th Cir. 2002); *Jackson* v. *E.J. Brach Corp.*, 176 F.3d 971, 977 (7th Cir. 1999).

## ALLEGATIONS OF THE COMPLAINT

According to the Second Amended Complaint, which is taken as true for purposes of this motion, plaintiffs were all employed with the Village of Dixmoor's police department prior to their terminations, which took place between May 1, 2002 and January 21, 2003. Relevant to the Counts at issue in this motion, the plaintiffs maintain that they were discharged from their employment on the basis of making certain arrests of individuals who were either related to or otherwise friends with Luster, the Mayor of the Village of Dixmoor. For example, the Second Amended Complaint alleges that Brown was terminated from his employment as an investigator with the Gang Unit for arresting one of Luster's family members and the son of a close friend of Luster. McKinnis and Weisinger also allege that they were terminated from their duties in the

Gang Unit for arresting one of Luster's family members. Similarly, Griffin alleges that his employment as a police officer in the Gang Unit was terminated for arresting one of Luster's family members, in addition to the son of a close friend of Luster, and an individual linked to the close friend's son.

## DISCUSSION

Defendants seek dismissal of Counts VII-XI for failure to state a claim upon which relief may be granted. They argue that Count VII should be dismissed because it does not adequately allege a conspiracy. Significantly, Count VII does not intend to state a claim for a conspiracy. Instead, it is brought under 745 ILCS 10/9-102 for indemnification. That statute provides that a local Illinois government is "directed to pay any tort judgment or settlement for compensatory damages for which it or an employee while acting within the scope of employment is liable." The Seventh Circuit has allowed a plaintiff to join a municipality in a suit against the municipality's employees under 745 ILCS 10/9-102. *See Wilson v. City of Chicago*, 120 F.3d 681, 684 (7th Cir. 1997). Furthermore, after *Wilson*, district courts have routinely allowed plaintiffs to bring indemnification claims under 10/9-102 against municipalities in their complaints against employees. *See, e.g., Carroccia v. Anderson*, 249 F. Supp. 2d 1016, 1028-29 (N.D. Ill. 2003); *Tibbs v. City of Chicago*, No. 02 C 2970, 2003 WL 288946, at *2 (N.D. Ill. Feb. 10, 2003) (citing *Savin v. Robinson*, No. 01 C 4121, 2001 WL 1191192 (N.D. Ill. 2001); *Burton v. Sheahan*, 2001 WL 111028 (N.D. Ill. 2001); *Anton v. Sheriff of DuPage County*, 47 F. Supp. 2d 993 (N.D. Ill. 1999)). Pleading a conspiracy is not required under the terms of the indemnification statute, nor do defendants make clear how the defect they believe Count VII suffers from is relevant here. Indeed, defendants' brief apparently attempts to invent a civil

3

conspiracy claim when there was no intention on the part of the plaintiffs to in fact plead such a theory. For these reasons, the motion to dismiss Count VII is denied.

Defendants also argue that the state law retaliatory discharge claims (Counts VIII-XI) should be dismissed. Generally, Illinois law allows an employer to discharge an at-will employee "for any or no reason." *Zimmerman v. Buchheit of Sparta, Inc.*, 164 Ill. 2d 29, 33, 645 N.E. 2d 877, 879 (1994). However, an exception to this general principle exists when the employee "can demonstrate that he was terminated in retaliation for his actions, if the termination contravenes a clear mandate of public policy." *Hamros v. Bethany Homes and Methodist Hosp. of Chicago*, 894 F. Supp. 1176, 1178 (1995). To state a claim for retaliatory discharge, a plaintiff must allege (1) a discharge; (2) in retaliation for certain activities; and (3) that the discharge violates a "clear mandate" of Illinois public policy. *Zimmerman*, 164 Ill. 2d at 53, 645 N.E. 2d at 880.

Defendants challenge part (3) of the above test. Illinois law provides no precise definition of what contravenes its public policy in retaliatory discharge cases. Courts have stated generally that it concerns "what is right and just and what affects the citizens of the State collectively. It is found in the State's constitution and statutes and, when they are silent, in its judicial decisions." *Palmateer v. International Harvester Co.*, 85 Ill. 2d 124, 130, 421 N.E. 2d 876, 878 (1981); *see also, Hamros*, 894 F. Supp. at 1179 ("[T]he [Illinois Supreme Court] has found a statute to express public policy only when its provisions impact the health and safety of its citizens in general."). Defendants maintain that plaintiffs' allegations that they were fired for performing their duties as police officers for the Village of Dixmoor are insufficient as a statement of Illinois public policy. In response, plaintiffs argue that "[t]here is no public policy more important or more fundamental than the one favoring the effective protection of the lives

4

and property of citizens," *Palmateer*, 85 Ill. 2d at 132, 421 N.E. 2d at 879, and that the enforcement of the state criminal code is "an issue of state policy at its most basic and fundamental level." *Nickum v. Village of Saybrook*, 972 F. Supp. 1160, 1174 (C.D. Ill. 1997).

Courts have found terminations to contravene Illinois public policy in situations similar to those here. In *Palmateer*, the plaintiff had been discharged for supplying information to local law-enforcement authorities that a co-worker might be involved in various violations of the Illinois Criminal Code. 85 Ill. 2d at 127, 421 N.E. 2d at 877. The plaintiff further agreed to assist the authorities in the investigation and trial of the co-worker, if such assistance was necessary. *Id.*, 421 N.E. 2d at 877. In concluding that the plaintiff's firing contravened Illinois public policy, the Illinois Supreme Court noted that "[t]here is no public policy more basic . . . than the enforcement of a State's criminal code." *Id.* at 131, 421 N.E. 2d at 879. The court further stated that "[t]here is a clear public policy favoring investigation and prosecution of criminal offenses." *Id.* at 133, 421 N.E. 2d at 881.

In *Nickum v. Village of Saybrook*, a former police chief alleged that she was discharged in retaliation for the proper performance of her official duties as a police officer. 972 F. Supp. at 1173. The court rejected defendants' motion to dismiss this claim noting that "enforcement [of the state criminal code] is an issue of state policy at its most basic and fundamental level" and the plaintiff's firing was "a direct contravention of that policy because it was based on her enforcement of state law." *Id.* at 1174. Similarly, in *Peeler v. Village of Kingston Mines*, 862 F.2d 135 (7th Cir. 1988), the Seventh Circuit reviewed a judgment entered in a retaliatory discharge case. The plaintiff in that case had been discharged after he arrested the mayor of the village for battery. While the court expressly noted that the issue of whether the discharge was in

5

violation of Illinois public policy was not challenged on appeal, the district court had noted, in a jury instruction, that "It is against the public policy of Illinois for a village to fire a police officer in retaliation for his making a lawful arrest." 862 F.2d at 137.

Given that the Illinois Supreme Court has expressly declared that "[t]here is a clear public policy favoring investigation and prosecution of criminal offenses," *Palmateer*, 85 Ill. 2d at 133, 421 N.E. 2d at 881, the court believes that the plaintiffs have adequately stated a claim for retaliatory discharge. Taking as true the facts contained in the Second Amended Complaint, plaintiffs maintain that they were terminated for making lawful arrests of individuals involved in drugs and/or violence. This is clearly related to the effective enforcement of the state's criminal code and certainly raises issues of public interest concerning the protection of lives and property of citizens.

Defendants' response is to suggest that Illinois case law does not support a third party's activity as being the conduct the employer is retaliating against. According to defendants, because the activity defendants were allegedly retaliating against was that of third parties (*i.e.*, the Mayor's nephew and friends) instead of a co-employee or the Mayor himself, no retaliatory discharge claim can exist. Contrary to defendants' suggestion, however, the court does not believe this distinction has any persuasive value. The Illinois Supreme Court has stated that the crux of a retaliatory discharge claim is that in certain circumstances an employer can "effectively frustrate a significant public policy by using its power of dismissal in a coercive manner." *Fellhauer* v. *City of Geneva*, 142 Ill. 2d 495, 507, 568 N.E. 2d 870, 876 (1991). Defendants point to no persuasive reason why an employer cannot frustrate these policies when the underlying conduct is not that of the employer itself or a co-employee. Moreover, they cite no

case which actually advances their theory, and instead rely only on cases where the underlying conduct was that of an employer or co-employee.[1] *See, e.g., Johnson v. World Color Press, Inc.*, 147 Ill. App. 3d 746, 750, 498 N.E. 2d 575, 578 (1986) (plaintiff discharged in retaliation for opposition to certain accounting practices employer used which plaintiff believed violated federal securities laws); *Petrik v. Monach Printing Corp.*, 111 Ill. App. 3d 502, 508, 444 N.E. 2d 588, 592 (1982) (employee accountant discharged for reporting his suspicions of embezzlement by "officers and/or employees").

Defendants' view would create the nonsensical result that a retaliatory discharge claim would exist when, for example, a mayor fires a police officer because the officer arrested the mayor, but not when the officer arrested the mayor's son, wife or friend. But in each instance the public policy of effective law enforcement could be equally frustrated by coercive dismissals. In this case plaintiffs allege that they were fired only because they made arrests of the Mayor's nephew and friends. Such a termination would have the effect of frustrating the public policy in effective law enforcement because officers may fear losing their jobs if they arrest those with such connections to the Mayor. Accordingly, the court believes plaintiffs have adequately stated a claim for retaliatory discharge, and defendants motion to dismiss Counts VIII-XI is denied.

---

[1] Defendants cite *Fellhauer v. City of Geneva*, 142 Ill. 2d 495, 568 N.E. 2d 870 (1991) for the proposition that "[t]he tort of retaliatory discharge should be restricted to protect employees who expose or interfere with illegal conduct of their employer where such conduct is not otherwise sufficiently deterred through other sanctions." Defendants provide no page number for where this quote is located in the opinion, and the court did not find this cited passage in its reading of the case. Rather, in *Fellhauer* the court stated that "[t]o state a valid retaliatory discharge claim, an employee must show that he was dismissed in retaliation for his activities, and that the dismissal was in contravention of a clearly mandated public policy." 142 Ill. 2d at 505, 568 N.E. 2d at 875.

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss Counts VII-XI is denied [#24]. The defendants are directed to answer the remaining portions of the Second Amended Complaint within 15 days of the entry of this order. This case will be called for status on January 29, 2003.

ENTER: /s/ Joan H. Lefkow
JOAN HUMPHREY LEFKOW
United States District Judge

Dated: December 19, 2003